UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVELYN MEJIA** | CASE NO._____ |
| **VERSUS** | JUDGE_____ |
| **GOAUTO, LLC** | MAGISTRATE JUDGE_____ |

## NOTICE OF REMOVAL

With full reservation of rights, defenses, and objections, Defendant GoAuto, LLC ("GoAuto" or "Defendant") hereby removes to this Court, pursuant to sections 1331, 1332, 1367, 1441, 1446, and 1453 of Title 28 of the United States Code, Case No. 2018-01979, filed in the Civil District Court for the Parish of Orleans, State of Louisiana by Plaintiff Evelyn Mejia ("Mejia" or "Plaintiff"). Removal is proper because, as set forth herein, this Court has subject matter jurisdiction over the claims at issue in the action and the procedural requirements for removal have been satisfied.

**I.    REMOVAL IS TIMELY.**

1. On February 28, 2018, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Mejia v. GoAuto LLC*, Case No. 2018-01979 (the "state court action").

2. The Petition was served on GoAuto on March 13, 2018.

3. The undersigned represents GoAuto in this matter.

4.     This Notice of Removal is timely because it is being filed within thirty days of service of the Petition on GoAuto. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Strining, Inc.*, 526 U.S. 344, 348 (1999).

5.     In her petition, Plaintiff asserts two causes of action: one cause of action under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and one cause of action under Louisiana's Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. § 51:1401 *et seq.* Plaintiff alleges that GoAuto sent a text message advertisement to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## II.    JURISDICTION.

### A.    The District Court has Federal Question Jurisdiction of the TCPA Claim.

6.     This Court has original jurisdiction over the TCPA claim under 28 U.S.C. § 1331 because Plaintiff alleges that GoAuto violated the laws of the United States, namely, the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744-45 (2012).

### B.    The Court Should Exercise Supplemental Jurisdiction Over the LUTPA Claim.

7.     Plaintiff's state law claim for violation of the LUTPA is also subject to removal under 28 U.S.C. § 1367(a) because the claims all derive from a common nucleus of operative facts and are so related to Plaintiff's federal TCPA claim that they form part of the same case or controversy. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (citing *United Mine workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("[F]ederal-question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they 'derive from a common nucleus of operative fact' as the federal claim.")); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *United Mine*

*Workers*, 383 U.S. at 725) ("The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'")).

8. The description of the claims contained in Plaintiff's Petition demonstrates that the TCPA claim and the LUTPA claim arise out of the same set of alleged operative facts; specifically, from an alleged text message made by GoAuto to Plaintiff's cellular telephone. (*Compare* Petition, ¶¶ VII ("Plaintiff had not requested, nor expressly consented in writing, to receive any solicitations from Defendant") *and* ¶ XIII ("Defendants actions were in violations of 47 U.S.C. § 227, *et seq.*") *with* ¶ XIV ("By sending unauthorized text messages to Plaintiff's phone without consent, Defendants actions were also violations of La. R.S. 51:1401, *et seq.*"). As such, this Court has subject matter jurisdiction over the entirety of this action and all claims attempted to be asserted in the Petition.

    **C.**    **The Court has CAFA Jurisdiction of the Action.**

9. This action is also within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

10. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). To wit, Plaintiff brings this action "on behalf of all similarly situated consumers who have received Defendant's text message advertisements." (Petition, ¶ XII.) Plaintiff also contends that "[t]he

3

number of similarly situated consumers is so numerous that joinder is impracticable; Plaintiff is an adequate representative and her claims are common and typical of the similarly situated consumers; and collective action treatment of their claims is the superior and appropriate means for resolving their disputes with Defendant." (*Id.*)

11. <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that she is a Louisiana citizen. GoAuto is a Louisiana limited liability company. The putative class, as described in Paragraph XII of Plaintiff's Petition, includes individuals who reside in other states because policies were issued to individuals in states other than Louisiana. (Declaration of Gregory Tramontin ("Tramontin Decl."), ¶ 3)  Thus, the diversity requirements of CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

12. <u>Class Action Consisting of More than 100 Members</u>.  Plaintiff alleges that "Defendant has sent thousands of such text message advertisements to thousands of customers." (Petition, ¶ X.)  Based on the allegations in the Petition, the number of purported class members is greater than 100.

13. <u>Amount in Controversy</u>.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6).

    a. As to her TCPA claim, Plaintiff seeks "for herself and all consumers all statutory damages, including treble, available under the law." (Petition, ¶ XIII.)  Under the TCPA, a plaintiff may recover either actual damages or $500 per violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). If the court finds that the defendant willfully or knowingly violated

4

the TCPA, the court may treble the statutory damage award to $1,500 per violation. 47 U.S.C. § 227(b)(3)(C). Thus, if 3,334 or more putative class members each allegedly sustained a single TCPA violation, the amount in controversy exceeds the jurisdictional threshold. (3,334 x $1,500 > $5,000,000). Plaintiff alleges "Defendant has sent thousands of such text message advertisements to thousands of customers." (Compl., ¶ X.) GoAuto represents that text messages of the same or similar nature were sent to at least 3,334 customers in the four years preceding the filing of the complaint. (Tramontin Decl., ¶ 4.)

       b.    As to Plaintiff's LUTPA claim, "Plaintiff seeks all remedies available under that Law, including damages and attorney's fees." (Petition, ¶ XIV.)

       c.    In addition to statutory damages of $1,500 per violation under the TCPA and damages under the LUTPA, the Petition requests "all costs and attorneys' fees together with legal interest from the date of judicial demand until paid." (Petition, Prayer.)

14.    Without conceding any merit to the Petitioner's damages allegations or causes of action, the amount in controversy here, as alleged in Plaintiff's Petition, satisfies CAFA's jurisdictional threshold.

**III.    ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.**

15.    This action is properly removed to this Court because the state court action is pending within this district and division. 28 U.S.C. §§ 1441(a), 84(d).

16.    Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by GoAuto in the state court action must be attached to the Notice of Removal. All documents received by GoAuto are attached to this Notice as **Exhibit A**.

17.    In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal of Action to the Unites States District Court for the Eastern District of Louisiana that will be filed

with the Civil District Court for the Parish of Orleans, State of Louisiana is attached hereto as **Exhibit B**.

18. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, GoAuto respectfully requests the opportunity to submit each additional argument or evidence in support of removal as may be necessary.

### IV. NON-WAIVER OF DEFENSES.

19. Nothing in this Notice shall be interpreted as a waiver or relinquishment of GoAuto's right to assert any defenses or affirmative matters, including, without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, GoAuto respectfully removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Court.

DATED:   March 20, 2018

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Loretta Mince*
Loretta Mince (LA 25796)
James Swanson (LA 18455)
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
504/586-5252 Phone
504/586-5250 Fax
lmince@fishmanhaygood.com
jswanson@fishmanhaygood.com

**Attorneys for Defendant,
GoAuto, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, properly addressed and postage prepaid, this 20th day of March, 2018.

/s/ Loretta Mince
Loretta Mince